**In the Matter of LEYMORE INDUS-TRIES, INC. t/a The Cheese Shop of White Plains, Bankrupt.**

**Bankruptcy No. 79 B 1297.**

United States Bankruptcy Court, S. D. New York.

Jan. 16, 1980.

Sidney Turner, Mt. Kisco, N. Y., for trustee.

Arnold Orlovitz, White Plains, N. Y., for defendant.

DECISION ON COMPLAINT OF TRUSTEE TO HAVE SECURITY INTEREST DECLARED NULL AND VOID AS AGAINST THE TRUSTEE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This proceeding was brought by the trustee in bankruptcy of the above estate pur-

suant to § 70c(3) of the Bankruptcy Act, to have the security interest of the defendant declared null and void as against the trustee and to have an order issued permitting the trustee to sell the personal property and inventory free and clear of the lien. The trustee's first cause of action alleges that the defendant's financing statement is defective in that it does not provide a description of the property or the address of the debtor so as to give reasonable notice to creditors with respect to the property subject to the security agreement, the second cause of action alleges that the defendant failed to perfect its security interest in that it did not file a copy of the financing statement with the Secretary of State.

## FACTS

1. The bankrupt filed its voluntary petition in bankruptcy on July 23, 1979.

2. The bankrupt listed its post office address as 35A–37 Mamaroneck Avenue, White Plains, New York.

3. In its statement of debts, the bankrupt listed the defendant as a secured creditor.

4. The bankrupt and its president, Tom Morley, entered into a security agreement with the defendant on June 2, 1976. The security agreement failed to list the business address of the debtor, but did list the debtor's residence address as 395 Marbledale Road, Tuckahoe, New York. The defendant's address was listed as 35A Mamaroneck Avenue, White Plains, New York. (This is the same address listed for the bankrupt in its petition).

5. The security agreement described with particularity the property which was subject to the security interest. The security agreement stated, "Debtor hereby grants and conveys to the Second Party a security interest in, and mortgages to the Secured Party (2) the property described in the schedule herein . . . , which collateral the debtor represents will be used primarily . . . in business or other use . .". The schedule listed 23 different types of items, all used primarily in business, as collateral. These items are equipment within

the meaning of § 9–109(2) of the Uniform Commercial Code.

6. The U.C.C.–1 financing statement filed by the defendant with the filing officer for the County of Westchester listed the debtor as Leymor Industries, Inc. & Tom Morley, 395 Marbledale Road, Tuckahoe, N.Y. The financing statement further stated that it covered all personal property on the premises, and inventory.

7. There is no record of a filing of the financing statement with the office of the Secretary of State.

## DISCUSSION

Although the trustee asserts two causes of action, the second cause of action relating to the filing of the financing statement is dispositive. The trustee contends that the defendant's failure to file a copy of the financing statement with the New York Secretary of State prevented perfection of the security interest and that accordingly, the trustee has priority with respect to the goods covered by the security agreement. See § 70c(3) of the Bankruptcy Act.

■ The items listed as collateral in the security agreement were used or bought for use primarily in the bankrupt's business, and as such must be characterized as equipment within the meaning of U.C.C. § 9–109(2). N.Y. U.C.C. § 9–109(2) (McKinney).

> "The proper place to file in order to perfect a security interest [in equipment] is . . . in the department of state and in addition, if the debtor has a place of business in this state and in only one county of this state, also in the office of the filing officer of such county."

N.Y. U.C.C. § 9–401(1)(a), (c) (McKinney).

■ In light of the trustee's affirmative proof and the fact that the defendant did not produce any evidence establishing that the financing statement had been filed with the Secretary of State, the security interest cannot be held to have been perfected within the meaning of U.C.C. § 9–401(1)(a), (c). However, U.C.C. § 9–401(2) states, "A filing which is [not] made in . . all of the places required by this section is nevertheless effective with regard to . . collateral covered by the financing state-

ment against any person who has knowledge of the contents of such financing statement." N.Y. U.C.C. § 9–401(2) (McKinney). Nevertheless, since the trustee is accorded the status of a creditor who has complied with all the necessary legal and equitable requirements for a lien, "the trustee under § 70c has the status of a creditor without notice." 4B *Collier on Bankruptcy* § 70.53, p. 636 (14th ed.). Hence, U.C.C. § 9–401(2) is inapplicable to this case.

## CONCLUSIONS OF LAW

1. Having failed to file a financing statement with the Secretary of State as required by U.C.C. § 9–401(1)(a), (c) the defendant's security interest was unperfected on the date of bankruptcy.

2. The trustee in bankruptcy as a hypothetical lien creditor under § 70c(3) of the Bankruptcy Act has priority over the unsecured defendant with respect to the collateral in question.

3. The defendant's asserted security interest in the property in question is ineffective as against the trustee in bankruptcy.

IT IS SO ORDERED.