In re Andrew M. KAMBOURELIS and Virginia J. Kambourelis, d/b/a Skyline Restaurant, Debtors.

Jeffrey L. SAPIR, as Trustee in Bankruptcy of Andrew J. Kambourelis and Virginia J. Kambourelis, d/b/a Skyline Restaurant, Plaintiff,

v.

Ralph MANCUSO, Jr., Orville Slutzky, Israel Slutzky and Oreste Vincent, Defendants.

Bankruptcy No. 80–10070.
Adversary Proceeding No. 80–8008.

United States Bankruptcy Court, N. D. New York.

Jan. 5, 1981.

Jeffrey L. Sapir, Yonkers, N.Y., for trustee-plaintiff.

Krupsak & Mahoney, Albany, N.Y., for debtors; Ronald Sinzheimer, Albany, N.Y., of counsel.

Alex Wiltse, Jr., P.C., Catskill, N.Y., for defendants.

## DECISION ON TRUSTEE'S COMPLAINT TO AVOID LIENS

JEREMIAH E. BERK, Bankruptcy Judge.

On January 16, 1980 Andrew M. Kambourelis and Virginia J. Kambourelis, d/b/a Skyline Restaurant, filed a petition under Chapter 13 of the Bankruptcy Reform Act of 1978 (hereinafter "Bankruptcy Code"), 11 U.S.C. § 1301, et seq. Thereafter, on February 1, 1980, upon request of the debtors and pursuant to Bankruptcy Code § 1307(a), 11 U.S.C. § 1307(a), the case was converted to a case under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, et seq., and Jeffrey L. Sapir, was appointed interim trustee.

On May 20, 1980 Mr. Sapir, as trustee of these debtors,[1] instituted the within adversary proceeding pursuant to Rule 701 of the Rules of Bankruptcy Procedure, 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvi, to avoid the consensual lien of the mortgagees, Ralph Mancuso, Jr., Israel Slutzky and Orville Slutzky, as well as the alleged judicial lien of the State Court appointed Receiver, Oreste Vincent, in and to the personal prop-

---

1. Under § 702(d) of the Bankruptcy Code, 11 U.S.C. § 702(d) the interim trustee shall serve as trustee in the case if a trustee is not elected by creditors.

erty located at the Skyline Restaurant.[2] The matter came on for trial and was submitted to the Court upon an agreed stipulation of facts and documentary evidence only. Based upon the pleadings, the stipulation and documents in evidence, the Court renders the following decision.

### FINDINGS OF FACT:

On or about February 8, 1977, the debtors purchased a certain parcel of land and restaurant (known as the Skyline Restaurant) located in the Village of Catskill, New York, from Ralph J. Mancuso, Jr., Israel Slutzky and Orville Slutzky. To secure payment of the outstanding indebtedness of $150,000, the debtors executed a real estate mortgage in favor of the sellers, which mortgage was filed in the Greene County Clerk's Office on February 23, 1977 and recorded in Liber 419 of mortgages at Page 199.

The mortgage instrument provided that the land, together with the following items shall secure repayment to the mortgagees:

all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, . . . sinks, gas and electric fixtures, stoves, ranges, . . . refrigerators, . . . and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto.

On February 23, 1977, contemporaneously with the filing of the mortgage, a financing statement (Form UCC–1) signed by the debtors and the defendants-mortgagees was filed in the Greene County Clerk's Office. The financing statement described the property subject to the mortgage lien as "restaurant equipment." No financing statement was filed with the Department of State in Albany.

On August 9, 1978, as a result of a default in the repayment of the outstanding indebtedness, the defendants-mortgagees instituted a foreclosure action in Greene County Court. Thereafter, by Order dated February 13, 1979, Oreste Vincent was appointed Receiver of the rents and profits of the restaurant during the pendency of the foreclosure action.[3]

On September 29, 1979, Oreste Vincent, as Receiver, instituted a summary proceeding in the Greene County Court to remove the debtors from the real property and seeking a judgment for past due rent. By Decision-Order of the Honorable James J. Battisti, Jr., County Court Judge, dated October 19, 1979, Mr. Vincent was granted a judgment in the sum of $11,200 and was ordered placed in possession of the premises. On October 22, 1979, Judge Battisti issued a warrant of eviction which, together with notice thereof, was delivered to the Greene County Sheriff that day.

In addition, on October 23, 1979, Oreste Vincent, as judgment creditor, issued and delivered a property execution pursuant to New York CPLR § 5230(b) (McKinney's 1978) to the Greene County Sheriff. Later that day Deputy Sheriff Andrew Prest, having received the warrant to eviction with notice thereof and the property execution from his superiors, went to the debtors' residence at Palenville, New York, and served these papers on them.

On the morning of October 26, 1979, pursuant to the notice and warrant, Deputy

---

**2.** The trustee's complaint did not address the validity or extent of the defendants-mortgagees' lien in fixtures. Accordingly, this decision deals only with the personalty located at the premises in question. However, this Court notes that the financing statement (Form UCC–1) stipulated in evidence by the parties does not appear to comply with the fixture filing requirements set forth in UCC § 9-402(1) (McKinney's 1964).

**3.** Upon appeal to the Appellate Division, Third Department, the Order appointing the Receiver was stayed provided that the debtors pay the sum of $1,500 per month to the mortgagees' attorney. After default in these payments, the Order staying the appointment of the Receiver was vacated.

Sheriff Prest went to the Skyline Restaurant where he met the debtors who surrendered the keys to the premises to him. Later that day, at approximately 2:00 P.M., Deputy Sheriff Prest placed the Receiver, Mr. Vincent, in possession pursuant to the warrant of eviction by handing over the keys to him. At no time before or after placing Mr. Vincent in possession did the Greene County Sheriff post a notice of levy at the restaurant, nor is there any evidence as to what personal property, if any, was located at the restaurant on October 26, 1979.[4]

Thereafter, on January 16, 1980, the debtors filed a petition under Chapter 13 of the Bankruptcy Code and on February 1, 1980 the case was converted to a case under Chapter 7. Thereafter, on consent of the debtors and the trustee, the automatic stay of Bankruptcy Code § 362(a) was terminated to permit the mortgagees to continue their pending state court foreclosure action against the restaurant real property.

### DISCUSSION:

This adversary proceeding questions the validity and extent of the consensual lien of the defendants-mortgagees, Messrs. Mancuso, Slutzky and Slutzky and the validity and extent of the alleged judicial lien claimed by the defendant-Receiver, Oreste Vincent.

█ The trustee asserts that the defendants-mortgagees have failed to properly perfect their lien in personal property in accordance with Article 9 of the Uniform Commercial Code and is therefore invalid as to him. This Court must agree.

Article 9 of the Uniform Commercial Code governs creation and perfection of security interests in personal property within the jurisdiction of this State.[5]

In order to properly perfect a security interest in the personal property in question, a financing statement was required to be filed.[6] Uniform Commercial Code § 9–401(1)(c) (McKinney's 1964) specifies the proper place to file a financing statement in order to perfect a security agreement, and in pertinent part states:

(1) The proper place to file in order to perfect a security interest is as follows:

(c) in all other cases, in the department of state and in addition, if the debtor has a place of business in this state and in only one county of this state, also in the office of the filing officer of such country; . . .

█ The financing statement (Form UCC–1) was filed only in the Greene County Clerk's Office and not with the Department of State as required. Accordingly, defendants-mortgagees have failed to properly perfect their lien in personal property. The defendants-mortgagees' security interest in the personalty not being properly perfected, their claim is subordinate to that of the trustee who has the status of a judicial lien creditor as of the commencement of the case under § 544(a)(1) of the Bankruptcy Code, 11 U.S.C. § 544(a)(1). *In re Murphy*, 5 B.R. 596, 2 CBC 2d 919, 924 (Bkrtcy.N.D.Ga.1980).

We now turn to the alleged lien of the defendant-Receiver, Oreste Vincent. In his answer Mr. Vincent claims the status of a judicial lien creditor by virtue of a levy of the Greene County Sheriff pursuant to property execution issued on October 23, 1979.[7] The trustee alleges that a levy never occurred and that, in any event, even if a levy had occurred it would constitute a preference under Bankruptcy Code § 547, 11 U.S.C. § 547.

█ New York CPLR § 5232(b) (McKinney's 1978) governs a levy on personal prop-

---

4. It appears that most of the personalty had been removed from the restaurant on or before October 26, 1979. Indeed, on November 15, 1979 the defendants-mortgagees obtained an order from the Greene County Court directing the debtors to "return to the possession of the Receiver, all property heretofore removed from the Skyline Restaurant, by them, their agents or employees."

5. See New York U.C.C. § 9-102(1) (McKinney's 1964).

6. See New York U.C.C. § 9-302(1) (McKinney's 1964).

7. See, CPLR § 5202(a), § 5230(b) and § 5232(b) (McKinney's 1978).

erty capable of delivery, and in pertinent part states:

"(b) Levy by seizure. The sheriff shall levy upon any interest of the judgment debtor in personal property capable of delivery by taking the property into his custody without interfering with the lawful possession of pledgees and lessees."

Applying this statute to the stipulated facts, the levy was never effected. The personalty in issue, being of a kind capable of delivery, was never taken into custody by the Greene County Sheriff. Deputy Sheriff Prest served the execution upon the debtors at their residence in Palenville, New York, but did not seize any property at that time. In addition, Deputy Prest never posted a notice of levy at the restaurant or took custody of any personalty therein.

A levy never having occurred, Mr. Vincent's status is that of a mere judgment creditor and thus subordinate to the rights of the trustee as a judicial lien creditor pursuant to Bankruptcy Code § 544(a)(1), 11 U.S.C. § 544(a)(1).

However, even if the Court were to determine that the Sheriff had effected a levy by taking possession of the premises from the debtors on October 26, 1979, thereby taking into his custody any personalty upon the premises, the facts disclose that the alleged Receiver's lien could still be avoided by the trustee as a preference under Bankruptcy Code § 547(b), 11 U.S.C. § 547(b).

### CONCLUSIONS OF LAW:

1. The consensual lien of the defendants-mortgagees, Mancuso, Slutzky and Slutzky, in and to the personalty claimed, not having been properly perfected pursuant to UCC § 9–401(1)(c) is avoided pursuant to Bankruptcy Code § 544(a)(1).

2. The alleged judicial lien of the defendant-Receiver, Oreste Vincent, in and to the personalty claimed, never came into existence.

3. The personal property claimed herein is property of the estate free and clear of any liens of these defendants.

IT IS SO ORDERED.