48 B.R. 613 (1985)
In re MEASURE CONTROL DEVICES, INC., Debtor.
Marilyn FRIER, Trustee, Plaintiff,
v.
CREATIVE BATH PRODUCTS, INC., Defendant.
Bankruptcy No. 184-41389, Adv. No. 185-0010.
United States Bankruptcy Court, E.D. New York.
April 23, 1985.
*614 Marilyn Frier, Woodmere, N.Y., pro se.
Paul Edwin Kast, Massapequa, N.Y., for Creative Bath Products, Inc.
CONRAD B. DUBERSTEIN, Chief Judge.
This is an adversary proceeding in which a trustee in bankruptcy seeks to avoid a lien in accordance with § 544 of the Bankruptcy Code. We find the creditor's security interest was not perfected pursuant to state law and was therefore ineffective against the trustee.

FACTS
The facts in this case are not in dispute. On September 5, 1984, Measure Control Devices, Inc. ("Measure Control") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On December 12, 1984 the case was converted to a liquidation proceeding pursuant to Chapter 7. At that time the automatic stay was lifted as to certain creditors. After notice and a hearing, the trustee and United Credit Corp., a secured creditor, whose lien was valid and which covered most of the debtor's assets, conducted a joint sale of the debtor's assets. Included in the notice of intended sale was a statement that valid liens would attach to the net proceeds of the sale.
Prior to instituting bankruptcy proceedings Measure Control purchased a Van Dorn injection molding machine, and granted a purchase money security interest to Creative Bath Products, Inc. ("the creditor"). The creditor filed a UCC-1 financing statement in the office of the Nassau County Clerk. There is no record of a filing of the financing statement in the office of New York's Secretary of State in Albany.
It is the trustee's position that in the case of equipment, the creditor's failure to file a copy of the financing statement with New York's Secretary of State in Albany, as required by UCC § 9-401(1)(c) (N.Y. § 9-401(1)(c) (McKinney)), prevented perfection of the security interest. Consequently, the trustee has the right to avoid the lien under § 544 of the Bankruptcy Code. By this proceeding she requests that the lien be declared null and void and that the creditor not participate in the proceeds of the sale.
The creditor admits that it did not file the UCC-1 with New York's Secretary of State. It argues that despite this, its security interest was perfected. It maintains that since the trustee had actual notice of the Nassau County filing before the sale, its security interest was perfected on principles of "good faith" as provided by UCC 9-401(2).

*615 ISSUE
Does the trustee's knowledge of the existence of the lien prior to the sale preclude her from avoiding it under § 544 on the grounds that it was not perfected by recording as required by the laws of the State of New York, which govern such perfection?

DISCUSSION AND CONCLUSIONS OF LAW
The injection molding machine listed as collateral in the security agreement was used or bought for use primarily in the debtor's business. It is thus classified as equipment within the meaning of UCC § 9-109(2). To perfect an interest in equipment, UCC § 9-401(1)(c) is explicit in requiring a UCC-1 financing statement be filed with New York's Secretary of State, as well as with the applicable County Clerk. UCC § 9-401(1)(c) states in pertinent part:
(1) The proper place to file [a financing statement] in order to perfect a security interest [in equipment] is as follows:
....
(c) in the department of state and in addition, if the debtor has a place of business in this state and in only one county of this state, also in the office of the filing officer of such county....
Section 544(a) of the Bankruptcy Code (the "strong arm" clause), allows a trustee in bankruptcy to avoid liens and security interests against the debtor's estate which were not properly perfected under state law before the debtor filed for bankruptcy.
Section 544(a) states in pertinent part:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is avoidable by
(1) A creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, ... a judicial lien whether or not such a creditor exists.... (Emphasis added).
The trustee is thus, accorded by statute, the status of a lien creditor without notice. In re Pirsig Farms, Inc., 46 B.R. 237, 242 (D.C.Minn.1985); In re Brent Explorations, Inc., 31 B.R. 745, 748-49 (Bkrtcy.D. Colo.1983); In re Karachi Cab Corp., 21 B.R. 822, 824 (Bkrtcy.S.D.N.Y.1982).
The creditor here, did not file a UCC-1 financing statement with the Secretary of State. Accordingly, its security interest was not perfected within the meaning of UCC § 9-401(1)(c). In re Karachi Cab Corp., supra; In re Kambourelis, 8 B.R. 138, 141 (Bkrtcy.N.D.N.Y.1981); In re Leymore Industries, Inc., 2 B.R. 229, 230 (Bkrtcy.S.D.N.Y.1980). Nevertheless, the creditor contends that since the filing in the County was made in good faith and since the trustee had actual notice of the filing its security interest was perfected by virtue of UCC § 9-401(2). That section provides in pertinent part:
A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless ... effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement. (Emphasis added).
This argument is apparently addressed to the court's equitable powers which pursuant to § 105 of the Bankruptcy Code are, indeed, broad. But, § 105 does not give bankruptcy courts the authority to contravene statutory provisions of the Bankruptcy Code. See e.g., Persig Farms, supra at 240. UCC § 9-401(2) is inapplicable to this case since the Bankruptcy Code explicitly gives the trustee the status of a lien creditor without notice.
In summary, since the creditor's security interest was never perfected, it is null and void as to the trustee in bankruptcy. The trustee can, therefore, avoid the lien under § 544(a). Consequently, it should be stricken *616 as a lien against the proceeds of the sale of the asset in question.
SO ORDERED.