**In re Eldon D. and Katherine M. BLUMER, Debtors.**

**CREDIT ALLIANCE CORPORATION, Appellant,**

**v.**

**DUNNING–RAY INSURANCE AGENCY, INC. and Dunning-Ray Insurance Agency, Inc. Profit Sharing Plan & Trust, Appellees.**

Bankruptcy No. 82–01599–214.

BAP EW–85–1113–MeEAb.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted January 24, 1986.

Decided Sept. 26, 1986.

William J. Connor, Kennewick, Wash., for appellant.

William L. Hames, Kennewick, Wash., for appellees.

Before MEYERS, ELLIOTT and ABRA-HAMS, Bankruptcy Judges.

OPINION

MEYERS, Bankruptcy Judge:

I

This is an appeal from the trial court's refusal to set aside an *ex parte* order encumbering a residence. Credit Alliance Corporation ("Credit Alliance"), an unsecured creditor of the estate, appeals on four grounds. First, Credit Alliance contends that the *ex parte* order should be set aside because, contrary to statute and the Constitution of the United States, no notice or hearing was given before the order issued. Second, it contends that the trial court erred in awarding attorney's fees and court costs to the Appellees. Third, it contends that the trial court erred in not awarding attorney's fees and costs to Credit Alliance.

A fourth ground for appeal concerning an alleged *ex parte* contact involving the trial court was raised for the first time on appeal. Although it is within our discretion to consider an issue that was not first raised at trial, this Panel is under no obligation to consider it. *Diamond National Corporation v. Lee*, 333 F.2d 517, 528 (9th Cir.1964); *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir.1985). Given our disposition of this case, we decline to do so. We REVERSE.

II

FACTS

The Debtors, Eldon and Katherine Blumer, filed a Chapter 11 petition in 1982. Prairie Rock, Inc. ("Prairie Rock"), a construction company controlled by the Debtors, also filed a Chapter 11 petition. At the time of filing the Debtors owned a residence valued at approximately $120,000, which had a mortgage of $26,000.

In order to continue operating Prairie Rock, Mr. Blumer needed both a perform-

ance bond and operating capital. In April of 1983 he obtained a $75,000 loan from the Appellees, Dunning-Ray Insurance Agency, Inc. and the Dunning-Ray Insurance Agency, Inc., Profit Sharing Plan & Trust ("Dunning-Ray"). Dunning-Ray received a first priority deed of trust on the residence.

Before consummating this transaction, Dunning-Ray insisted that a court order approving the loan be obtained. On April 28, 1983, the trial court issued such an order on an *ex parte* basis. No notice was given to any of the Debtors' creditors. The order recited that the loan was made to allow the "construction business to proceed in the ordinary course."

The proceeds of the loan were used first to pay off the pre-existing mortgage on the Debtors' residence in order to give Dunning-Ray's lien a first priority position. Taxes, insurance and closing fees were also paid on the residence. The rest of the proceeds, approximately $46,845.83, was used to enable Prairie Rock to continue in business. Mr. Blumer retained $22,345.83 in order to enable him to obtain bonding for Prairie Rock and other expenses. Two Prairie Rock bank accounts received the remaining $24,500. The trial court found that Dunning-Ray did not know of any impropriety in the commingling of these monies.

Credit Alliance is a secured creditor of Prairie Rock and an unsecured creditor of the Debtors. Credit Alliance received substantial payments from Prairie Rock as a result of its continuation in business based in part on the funding provided by the Dunning-Ray loan.

After the Debtors converted to a Chapter 7 proceeding, Dunning-Ray moved for relief from the automatic stay in order to commence a foreclosure action against the Debtors' residence. Credit Alliance moved to have the deed of trust set aside. This cross-motion appears to be an inartful motion for relief from judgment. Pursuant to court order, the trustee sold the residence and deposited the proceeds of approximately $13,000 in a trust account. The trustee then moved to determine ownership of these sale proceeds. The trial court upheld the deed of trust and ordered that Dunning-Ray be paid $75,000, plus interest and reimbursement of its attorney fees. Attorney fees for Credit Alliance's attorneys were denied. Also, the trustee was awarded administrative expenses.

Credit Alliance appealed on June 24, 1985. This appeal was premature since the order appealed from was not entered until July 8, 1985. However, a premature appeal is valid under Bankruptcy Rule 8002(a). *Matter of the Brickyard*, 735 F.2d 1154, 1155–58 (9th Cir.1984); *In re Klein*, 57 B.R. 818, 820 (9th Cir. BAP 1985).

No stay was obtained pending appeal. Consequently, the proceeds from the sale of the residence were paid out by the trustee.

### III

### DISCUSSION

#### A. *Standing*

■ Credit Alliance has standing to pursue this appeal. As an unsecured creditor in a Chapter 11 proceeding, it was a party in interest entitled to notice before a Section 364 order was issued. *Matter of Sullivan Ford Sales*, 2 B.R. 350, 354 (Bkrtcy. Maine 1980). *See In re Garland Corp.*, 6 B.R. 456, 458 n. 2 (1st Cir. BAP 1980); *In re Adamson Co., Inc.*, 29 B.R. 937, 941 (Bkrtcy.E.Va.1983). The Panel has held that under the Code an unsecured creditor has standing to appeal from an adverse decision of the trial court. *In re General Store of Beverly Hills*, 11 B.R. 539, 541 (9th Cir. BAP 1981). There is no reason to reach a contrary result here.

Further, Credit Alliance did not sit on its rights. The existence of a Section 364 order was first discovered when Dunning-Ray attempted to foreclose on the property. Credit Alliance promptly challenged the validity of the order by pursuing a motion for relief from judgment. *See* Bankruptcy Rule 9024.

## B. *Mootness*

Although a stay was not obtained by Credit Alliance, this appeal is not moot. Questions of mootness in a bankruptcy appeal must be analyzed both under general mootness principles and Section 364(e) of the Bankruptcy Code ("Code").

### 1. *General Mootness Principles*

 Under general mootness principles, the lack of a stay may render an appeal moot if it becomes impossible to fashion effective relief. Effective relief is impossible if funds have been disbursed to persons who are not parties to the appeal or if failure to obtain a stay has permitted such a comprehensive change as to render it inequitable to consider the merits of the appeal. *In re Intern. Environmental Dynamics, Inc.*, 718 F.2d 322, 325–26 (9th Cir.1983); *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir.1981).

 In the instant case Dunning-Ray is a party to this appeal. Therefore, this Panel could structure effective relief by remanding with instructions to the trial court to order the return of any erroneously disbursed funds. *In re Intern. Environmental Dynamics, Inc.*, *supra*, 718 F.2d at 326. A thorough review of the record does not reveal any facts which would make it inequitable to consider the merits of this appeal.

### 2. *Section 364(e)*

 The strongest statutory protection possible is granted to lenders who have obtained a court order under Section. 364 before extending credit. Unless a stay has been granted pending appeal, a reversal or modification of the court order on appeal does not affect the validity of a good faith creditor's loan or any liens or priorities securing the loan. 11 U.S.C. § 364(e). This is the good faith rule.

 The order in the instant case was erroneously issued under the terms of the statute. An integral part of Section 364 is the requirement that notice and a hearing be granted before a court order is issued. The phrase "notice and a hearing" is defined by Section 102(1) and is a term of art. It does not mean that a hearing must be granted. A trial court may act without a hearing if notice has been properly given and (1) a hearing has not been requested or (2) there is insufficient time for one. 11 U.S.C. § 102(1)(B). Notice means "such notice as it appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Nowhere is there any provision for an action to be taken without notice where "notice and a hearing" are required. *In re Monach Circuit Industries, Inc.*, 41 B.R. 859, 861 (Bkrtcy.E.Pa.1984). This is true even in emergency situations. However, in an emergency situation, telephonic notice may suffice. *See In the Matter of Ellingsen MacLean Oil Company*, 65 B.R. 358 (W.D.Mich.1986). While a telephonic hearing with one day's notice might well protect the rights of the parties in a true emergency, in the instant case there was no notice whatsoever.

Although the order in the instant case was erroneously issued in violation of the terms of Section 364, the good faith rule is designed to prevent the reversal of an order on appeal from affecting the validity of liens granted under it to a good faith lender. Dunning-Ray is a good faith lender. Yet this appeal is not moot because the court order is not only in error but is void under the due process clause of the Fifth Amendment. *See In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir.1985).

## C. *Procedural Due Process*

 Notice is not only a statutory requirement under Section 364, it is a constitutional requirement as well. Constitutional requirements for the adequacy of notice are not necessarily the same as statutory requirements. *In re Center Wholesale, Inc.*, *supra*, 759 F.2d at 1448. The due process clause of the Fifth Amendment requires that due process be provided before property can be taken.[1]

---

1. It has been argued that the Fifth Amendment

does not provide an independent source of limi-

Generally, the test to determine the constitutionality of a statute is two-pronged. *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 1797, 85 L.Ed.2d 64 (1985). A statute must comply with both substantive and procedural due process. 105 S.Ct. at 1797. Unsecured creditors have no rights to substantive due process since an unsecured claim confers no rights in specific property of the obligor. *Louisville Bank v. Radford*, 295 U.S. 555, 588, 55 S.Ct. 854, 862, 79 L.Ed. 1593 (1935); *In re Garland Corp., supra*, 6 B.R. at 462–463.

However, unsecured creditors are entitled to procedural due process. *Reliable Elec. Co., Inc. v. Olson Const. Co.*, 726 F.2d 620, 623 (10th Cir.1984); *In re Garland Corp., supra*, 6 B.R. at 462 n. 17. In a judicial proceeding due process requires that individualized notice be given before rights can be affected. *Texaco, Inc. v. Short*, 454 U.S. 516, 534–35, 102 S.Ct. 781, 794–95, 70 L.Ed.2d 738 (1982); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

The United States Supreme Court has found that the fundamental requirement of due process, the right to be heard, is meaningless without notice. *Mullane v. Central Hanover Bank & Trust Co.; supra*, 339 U.S. 306, 314, 70 S.Ct. 652, 657. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the penden-cy of the action and afford them an opportunity to present their objections." 339 U.S. at 314, 70 S.Ct. at 657.

In a similar case, the Ninth Circuit Court of Appeals has held that a Section 364(d) order approving a new loan was void where an affected creditor was given insufficient notice to adequately prepare for a hearing approving the order. *In re Center Wholesale, Inc., supra*, 759 F.2d at 1449.[2] The due process infirmity in the instant case flows from the fact that no notice whatsoever was given. Therefore, this Panel holds that the order in the instant case is void as a violation of procedural due process.

Having voided the court order which granted Dunning-Ray its lien, we further hold that the good faith rule of Section 364(e) cannot protect a lender where there has been a denial of procedural due process in violation of the Constitution. Section 364(e) was not designed to protect void orders.

### D. *Secured Status Under Section 364*

Given our disposition above, Dunning-Ray does not have secured status under Section 364. Nor is Dunning-Ray entitled under Section 364(a) to the protection extended to a loan made in the ordinary course of business. By the terms of the statute, if a loan is made in the ordinary course of business, it is entitled to treatment as an administrative expense. Despite the language of the order authorizing it, this loan was not made in the ordi-

---

tation on the substantive scope of the bankruptcy power. Rogers, "The Impairment of Secured Creditors Rights in Reorganization: A Study of the Relationship Between the Fifth Amendment and the Bankruptcy Clause," 96 Harv.L.Rev. 973, 997 (1983). *Accord*, Jackson, "Avoiding Powers in Bankruptcy," 36 Stan.L.Rev. 725, 736 n. 29 (1984); Baird and Jackson, "Corporate Reorganizations and the Treatment of Diverse Ownership Interests: A Comment on Adequate Protection of Secured Creditors in Bankruptcy," 51 U.Chi.L.Rev. 97, 100 n. 14 (1984). However, the Supreme Court has held that the bankruptcy power is subject to the Fifth Amendment. *United States v. Security Industrial Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed.2d 235 (1982).

**2.** Under the Bankruptcy Act the Second Circuit Court of Appeals held that financing schemes extending credit in return for new liens should not be granted by an *ex parte* order issued solely in reliance upon the representations of a debtor in possession. *In re Texlon Corp.*, 596 F.2d 1092, 1098 (2nd Cir.1979). However, the *Texlon* court did not consider the requirements of due process.

The Ninth Circuit did not need to set aside the Section 364 lien in *In re Center Wholesale* because the creditor's interest could be protected by a superpriority under Section 507(6).

nary course of business under Section 364(a).[3]

### E. *Attorney's Fees*

Attorney's fees were awarded to Dunning-Ray as reimbursement of costs under the terms of the Deed of Trust approved by the void order. Since the order was void, so too is the award of any costs or fees under the terms of the deed of trust which was unconstitutionally granted.

Attorney fees for Credit Alliance were denied by the trial court when it upheld Dunning-Ray's lien. We REMAND to allow the trial court to determine, in the first instance, whether the Code provides for an award of attorney fees for the recovery of property of the estate which was paid to a creditor under a void court order.

For the reasons stated above, we REVERSE the decision of the trial court and REMAND to the trial court to issue appropriate orders consistent with this decision.

---

**3.** It should be noted that the Panel does not address questions concerning whether Dunning-Ray is entitled, under some equitable doctrine such as subrogation, to the status of the pre-existing mortgage and tax liens on the residence which were satisfied with proceeds from its loan, or to receive the benefits of any exemption rights maintained by the Debtors in the property.