In re GRAPHIC ARTS
LITHOGRAPHERS,
INC., Debtor.

BUTLER PAPER CO.; La Salle Paper Company; Kirk Paper Co., Inc., and the Unisource Corporation, Appellants,

v.

GRAPHIC ARTS LITHOGRAPHERS, INC.; and First State Bank of Southern California, Appellees.

BAP No. CC–86–1541–MeMoV.
Bankruptcy No. LA 86–10689JD.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Oct. 29, 1986.
Decided Jan. 7, 1987.

Sandor T. Boxer, Coskey, Coskey & Boxer, Long Beach, Cal., for appellants.

R. Duane Westrup, Westrup & Kincaid, Long Beach, Cal., Earle E. Hagen, Hagen & Hagen, Encino, Cal., for appellees.

Before MEYERS, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This is an appeal from an ex parte order approving a stipulation for post-petition financing and granting superpriority status and cross-collateralization to the First Bank of Southern California (the "Bank"). Four creditors of Graphic Arts Lithographers, Inc. (the "Debtor") now appeal, claiming that the Bankruptcy Court erred in granting the order because there was inadequate evidence before the Court and inadequate notice provided to the interested parties.

### II

#### FACTS

Prior to filing its petition in bankruptcy, the Debtor had been operating under a financing arrangement with the Bank. The Bank provided a line of credit which was secured by the Debtor's accounts receivable, several deeds of trust and personal guarantees.

The Debtor filed its petition for bankruptcy under Chapter 11 of the Bankruptcy Code ("Code") on June 12, 1986. At that time the Debtor owed the Bank slightly over $419,000. Also on that day, the Debtor and the Bank executed and filed a stipulation for post-petition financing ("Stipulation"). This agreement stated that in order for the Debtor to be able to continue with

its business operations, it needed post-petition financing. Since the Debtor was unable to find another lender who would provide unsecured credit and was unable to survive for a single day without appropriate financing, the Bank agreed to allow the Debtor continued advances under the existing accounts receivable line of credit up to a combined pre-petition and post-petition maximum balance of $466,000. Interest would accrue on the post-petition balance at the same rate as it did on the pre-petition debt. The entire accounts receivable line of credit, which included the entire pre-petition debt, would be jointly secured by all receivables, inventory, furniture, money and instruments in which the Debtor had an interest.

On June 13, 1986, the day after filing the petition, the Debtor gave the Appellants approximately three hours' telephonic notice of a hearing for the Court's approval of the Stipulation. The Bankruptcy Court issued an interim order approving the Stipulation, subject to a future hearing in which written notice could be given to all interested parties. The order stated that in accordance with Section 364(c)(1) of the Code, the post-petition financing would have priority over all administrative expenses as provided in Sections 503(b) and 507(b).

## III

### DISCUSSION

The Appellants now challenge the validity of the order, claiming that the parties provided the Court with inadequate evidence and that the Debtor gave insufficient notice of the hearing to the Appellants. The Appellants also argue that the Bank did not act in good faith and is not entitled to the protection provided in Section 364(e) of the Code. We need not reach the issues surrounding the adequacy of evidence and notice because we find that the Bank is entitled to the protection of Section 364(e).

Section 364(e) of the Code states that: The reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant

under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt or the granting of such priority or lien, were stayed pending appeal.

11 U.S.C. § 364(e).

■ Under this section, where a lender is in good faith and an aggrieved creditor fails to obtain a stay pending appeal, a properly authorized loan which grants priority or a lien to the lender shall not be affected by a subsequent reversal or modification on appeal. *See In re Blumer*, 66 B.R. 109, 113 (9th Cir. BAP 1986). The purpose of Section 364(e) is:

> ... to overcome people's natural reluctance to deal with a bankrupt firm whether as purchaser or lender by assuring them that so long as they are relying in good faith on a bankruptcy judge's approval of the transaction they need not worry about their priority merely because some creditor is objecting to the transaction and is trying to get the district court or the court of appeals to reverse the bankruptcy judge. The proper recourse for the objecting creditor is to get the transaction stayed pending appeal.

*In re EDC Holding Co.*, 676 F.2d 945, 947 (7th Cir.1982).

■ Since the Appellants failed to obtain a stay pending appeal, the issue becomes whether the Bank brought the Stipulation to the Bankruptcy Court in good faith. "Good faith" is not defined in the Code. The Seventh Circuit, however, has stated in this context that:

> We assume the statute was intended to protect not the lender who seeks to take advantage of a lapse in oversight by the bankruptcy judge but the lender who believes his priority is valid but cannot be certain that it is, because of objections that might be upheld on appeal. If the lender *knows* his priority is invalid but proceeds anyway in the

hope that a stay will not be sought or if sought will not be granted, we cannot see how he can be thought to be acting in good faith.

*In re EDC Holding Co., supra,* 676 F.2d at 947 (emphasis in original); *See also In re Ellingsen MacLean Oil Co., Inc.,* 65 B.R. 358, 363–64 (W.D.Mich.1986).

 The Bankruptcy Court in the *Ellingsen MacLean Oil* case, after an emergency telephonic hearing, entered an order authorizing the debtors' two largest creditors to advance emergency post-petition credit so that the debtors could continue operating. The order also provided for the cross-collateralization of the security. On appeal, the District Court found that the creditors were protected by Section 364(e) because they were in good faith, while the appellants had failed to obtain a stay pending appeal. In so finding, the court first noted that the loan, which allowed the debtors to continue to operate their business, served a proper purpose under the Code. The Court next noted that cross-collateralization is permissible in some circumstances. Although the creditors were aware of certain legal arguments against the loan, they did not know for certain that the transaction was illegal or improper.

In the present case, the stipulation was executed the day of the bankruptcy filing. The hearing was held the next day with telephonic notice given to interested parties. In the stipulation and at the hearing, it was made clear that the Debtor was unable to find other sources of unsecured credit and that the Court's order would be temporary, lasting only until a properly noticed hearing could take place. There is no evidence that there were any legal defects or that the Bank knew for certain that the loan served an improper purpose or was illegal. At most, the Bank was aware that legal arguments existed against the loan. *See In re Ellingsen MacLean Oil Co., Inc., supra,* 65 B.R. at 364. Since the credit allowed the Debtor to continue its business operations on terms similar to its pre-petition financing arrangements, the loan served a proper purpose under the Code. In these circumstances we find the

Bank acted in good faith and conclude that it is entitled to the protection provided for in Section 364(e). The validity of the loan and its grant of cross-collateralization and superpriority status cannot, on this record, be affected by this appeal.

Since the issue is moot, the case should be dismissed. We, therefore, need not reach the other issues of whether the Appellants received adequate notice and whether the order appealed from is a final order.

DISMISSED.