### In re HOWARDS APPLIANCE CORP.

#### No. CV 86–4053.

United States District Court,
E.D. New York.

Sept. 29, 1988.

Philip Irwin Aaron, P.C., Jericho, N.Y., for debtor.

Stanley R. Stern, P.C., New York City, for creditor Sec. Pacific Distribution Services.

Herzfeld & Rubin, P.C. by Terry Myers, New York City, for Unsecured Creditors' Committee.

MEMORANDUM AND ORDER

WEXLER, District Judge.

On August 6, 1986, Appellant/Debtor Howards Appliance Corporation ("Ho-

wards") filed a voluntary Chapter 11 petition with the United States Bankruptcy Court for the Eastern District of New York. On August 22, 1986, Appellee/Creditor Security Pacific Distribution Services ("Security Pacific") moved for relief from the automatic stay to enable it to foreclose on gas grills located in New York and New Jersey that were part of Howards' inventory, and in which Security Pacific alleged a security interest. In a Decision and Order dated October 31, 1986, the Bankruptcy Court (Hall, J.) denied Security Pacific's motion for relief from the automatic stay with regard to the gas grills located in New Jersey. With regard to those gas grills located in New York, the court held that the evidence was insufficient to determine the identity of the gas grills, whether the creditor was adequately protected, and whether the gas grills were necessary to the debtor's reorganization. The court indicated that it would hold another hearing if the parties were unable to resolve the dispute among themselves. There is no record of such a hearing.

On December 2, 1986, Security Pacific filed a notice of appeal but failed to request a stay of the bankruptcy court's decision during the pendency of its appeal. During this time, Howards received an offer to purchase all the gas grills located in New Jersey upon which Security Pacific claimed to have a security interest. In July 1987, Howards applied to the Bankruptcy Court for leave to sell the gas grills located in New Jersey free and clear of all liens. In an Order rendered in August, 1987, Judge Hall granted this request over the objections of Security Pacific. Security Pacific did not appeal Judge Hall's decision to allow the sale or seek any interim relief.

## I.

The pertinent facts of the case are as follows. Throughout 1985, Howards operated appliance stores in Nassau and Suffolk Counties of New York. Security Pacific is a lending institution which entered into an inventory financing agreement with Howards concerning gas grills Howards purchased from W.R. Light Company, Inc., which were manufactured by Preway Industries, Inc., in Indiana. The financing agreement stated that the "[d]ealer shall keep the inventory only at locations approved by [Security Pacific]." To perfect its security interests, Security Pacific filed financing statements with the New York Secretary of State on October 29, 1985, with the Nassau County Clerk on October 28, 1985, and with the Suffolk County Clerk on October 28, 1985.

The gas grill manufacturer shipped some of the gas grills covered by the financing agreement to a public warehouse used by Howards, which is located in New Jersey. Security Pacific asserts that it was in no way involved with the shipment of inventory and that it neither received written notice nor had knowledge on its own that the goods were in fact being shipped to New Jersey until after Howards filed its bankruptcy petition. Security Pacific never filed financing statements in New Jersey.

After determining that New Jersey law applies to the goods stored in New Jersey, the bankruptcy court below held that Security Pacific failed to perfect its security interest in the gas grills stored in New Jersey because it neglected to file a financing statement with the New Jersey Secretary of State as required by the Uniform Commercial Code ("U.C.C."). See N.J.Stat. Ann. §§ 12A:9–302(1) & 12A:9–401(1)(c) (West Supp.1988). Furthermore, the bankruptcy court held that the debtor's actual knowledge of Security Pacific's interest in the gas grills does not excuse Security Pacific's failure to file in New Jersey, because the Bankruptcy Code strips a debtor-in-possession of such knowledge. 11 U.S.C. § 544(a) (Supp. II 1986). Finally, the court found the gas grills to be vital to the debtor's reorganization.

## II.

Security Pacific claims its security interest in the New Jersey goods should be deemed by this Court to be perfected on two grounds. First, Security Pacific argues that the temporary storage involved in this case does not require a filing in New Jersey. Second, Security Pacific maintains

that, in the event that the storage of goods in New Jersey does call for a New Jersey filing, the doctrine of equitable estoppel should be applied to prevent an unfair windfall to the debtor resulting from the debtor's failure to inform Security Pacific of the storage in New Jersey in violation of the security agreement, which required that the inventory only be kept at locations approved by Security Pacific.

### Mootness

■ Howards argues that the case is now moot because the gas grills in question have been sold and the funds commingled in the debtor's special confirmation account. So, according to Howards, it is no longer possible for the court to grant effectual relief. Indeed, if the court is unable to afford effectual relief due to a change in the circumstances, through no fault of the appellee, then the court may dismiss the appeal as moot. *In re Roberts Farms, Inc.*, 652 F.2d 793, 797–98 (9th Cir.1981) (quoting *Mills v. Green*, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895)); *see also In re Blumer*, 66 B.R. 109, 113 (Bankr. 9th Cir.1986), *aff'd.*, 826 F.2d 1069 (9th Cir. 1987); *United States v. City of Buffalo*, 457 F.Supp. 612, 619 (W.D.N.Y.1978), *modified on other grounds*, 633 F.2d 643 (2d Cir.1980). "Effective relief is impossible if funds have been disbursed to persons who are not parties to the appeal or if failure to obtain a stay has permitted such a comprehensive change as to render it inequitable to consider the merits of the appeal." *In re Blumer*, 66 B.R. at 113. In the case at bar, Howards has not established that all or part of the funds have been distributed to third parties or that the commingling of funds in the debtor's special confirmation account in and of itself, is such a comprehensive change to make further consideration on appeal inequitable. The funds from the sale of the gas grills may very well still be traceable even though they are commingled in an account. Accordingly, this appeal cannot be dismissed as moot at this juncture.

### Security Pacific's Failure to File in New Jersey

■ New York and New Jersey have both adopted U.C.C. § 9–103, which provides that perfection is generally governed by the law of the state in which the last event on which perfection is based occurs. N.J.Stat.Ann. § 12A:9–103(1)(b) (West Supp.1988); N.Y.U.C.C. § 9–103(1)(b) (McKinney Supp.1988). The bankruptcy court found that as to the grills shipped to New Jersey, the last event for perfection took place in that state and thus New Jersey law applies. New Jersey law requires filing of a financing statement with the New Jersey Secretary of State to perfect security interests. *See* N.J.Stat.Ann. §§ 12:9–302(1) & 12A:9–401(1)(c) (West Supp.1988).

Security Pacific, however, asserts that since the delivery of goods to the New Jersey location was intended to be temporary, subsection 9–103(1)(b) is superceded by subsection 9–103(1)(c) which states:

> (c) If the parties to a transaction creating a purchase money security interest in goods in one jurisdiction understand at the time that the security interest attaches that the goods will be kept in another jurisdiction, then the law of the other jurisdiction governs the perfection and the effect of perfection or non-perfection of the security interest from the time it attaches until thirty days after the debtor receives possession of the goods and thereafter if the goods are taken to the other jurisdiction before the end of the thirty-day period.

N.Y.U.C.C. § 9–103(1)(c) (McKinney Supp. 1988); N.J.Stat.Ann. § 12A:9–103(1)(c) (West Supp.1988). Security Pacific asserts that this subsection requires the application of New York law and that under New York law, filings are only required with the New York Secretary of State and the appropriate county clerks.

This Court finds that § 9–103(1)(c) does not apply as there is no indication that the storage in New Jersey was intended to be of the temporary nature, thirty days or less, which § 9–103(1)(c) contemplates. Furthermore, § 9–103 provides that the

law of the "other jurisdiction", in this case, New York, will not continue to apply to the goods in temporary storage if the goods remain in the location of intended temporary storage beyond the thirty-day period. Security Pacific has not alleged that goods were removed from New Jersey within thirty days of their arrival there. Accordingly, the law of New Jersey governs the perfection, or nonperfection, of the goods stored in New Jersey. Security Pacific's reliance on *In re Potomac School of Law, Inc.*, 16 B.R. 102 (Bankr.D.C.1981), is misplaced since that case involved goods upon which a security interest had already been perfected which were temporarily stored in another jurisdiction. *Id.* at 104. In the case at bar, the security interest in the goods stored in New Jersey was never perfected.

■ Security Pacific next argues that even if the "last event" test is the applicable standard, its interest is still perfected despite its failure to file in New Jersey. Security Pacific contends that the debtor never acquired rights to the collateral because the goods never reached their contract destination, the New York stores, and that filing is only required for goods which reach their final contract destination. This rationale is inherently weak because it admits that an event necessary for perfection has not yet occurred. Without perfection of its security interest, Security Pacific is subordinate to the rights of one who becomes a lien creditor before the security interest is perfected. N.J.Stat.Ann. § 12A:9–301(1)(b) (West Supp.1988). Since Howards, as debtor-in-possession, is deemed such a lien creditor under the Bankruptcy Code, Security Pacific's interest cannot prevail over Howards' interest. 11 U.S.C. § 544(a) (Supp. IV 1986); *In re Measure Control Devices, Inc.*, 48 B.R. 613, 615 (Bankr.E.D.N.Y.1985); *In re Johnson*, 28 B.R. 292, 296 (Bankr.N.D.Ill.1983).

■ Moreover, there is no basis in law or in fact for Security Pacific's claim that Howards did not acquire rights in the goods when they were delivered to the public warehouse in New Jersey. It is apparent that once the gas grills reached the New Jersey warehouse, Howards had full control over them and could dispose of them with or without bringing them to New York. Accordingly, the transfer of possession of the gas grills to Howards in New Jersey required proper filings in that state for Security Pacific to perfect its security interest.

### Estoppel Against Debtor–In–Possession

■ Finally, Security Pacific contends that the doctrine of equitable estoppel prevents Howards from claiming that Security Pacific's security interest is unperfected since Howards prevented proper filing by failing to notify Security Pacific or seek its approval before storing the inventory in New Jersey. This court has rejected such an argument which was made by another creditor of Howards in a companion case. *In re Howards Appliance Corp.*, 91 B.R. 204 (E.D.N.Y.1988). In that case, Howards had instructed a common carrier to deliver goods to the New Jersey warehouse instead of its New York stores. This Court held that Howards' creditor could not assert equitable estoppel against Howards as debtor-in-possession since Howards was stripped by the Bankruptcy Court of any knowledge of the creditor's security interest. 11 U.S.C. § 544(a) (Supp. IV 1986). Notwithstanding any wrongful conduct by Howards prior to filing its petition for bankruptcy, the Bankruptcy Code lifts Howards, as debtor-in-possession, to the status of a hypothetical lien creditor. *In re Wiggs*, 87 B.R. 57, 58 (Bankr.S.D.Ill.1988); *In re Measure Control Devices, Inc.*, 48 B.R. 613, 615 (Bankr.E.D.N.Y.1985); *In re Johnson*, 28 B.R. 292, 296 (Bankr.N.D.Ill. 1983). Because of Howards cleansed state, Security Pacific cannot assert equitable estoppel against it. *See In re Brent Explorations, Inc.*, 31 B.R. 745, 748–49 (Bankr.C. Colo.1983); *see also In re Pirsig Farms, Inc.*, 46 B.R. 237, 242 (D.Minn.1985); *Wiggs*, 87 B.R. at 59; *Control Devices*, 48 B.R. at 615; *In re I.A. Durbin, Inc.*, 46 B.R. 595, 602 (Bankr.S.D.Fla.1985). Since Security Pacific did not file financing statements in New Jersey, as required by New Jersey law, Security Pacific has an unper-

fected security in the proceeds from the sale of the gas grills located there.

The decision of the Bankruptcy Court is affirmed. The Clerk of the Court is directed to return the record sent in connection with this matter to the Bankruptcy Court.

SO ORDERED.