77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald D. NICOLAYSEN, Appellant,
v.
WELLS FARGO BANK, N.A., a national bank association, Appellee.
Donald D. NICOLAYSEN, Appellant,
v.
WELLS FARGO BANK, N.A., a national banking association;
Committee of Outside Growers, Appellees.
 Nos. 94-15722, 94-15757.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Feb. 6, 1996.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and WHALEY**, District Court Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Donald D. Nicolaysen appeals the district court's dismissal of his appeal from the bankruptcy court because of mootness.
 
 
 4
 This court reviews questions of mootness de novo. Native Village of Noatak the Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994). Under general mootness principles, the lack of a stay may render an appeal moot if it becomes impossible to fashion effective relief. Credit Alliance Corp. v. Dunning-Ray Ins. Agency, Inc., 66 B.R. 109, 113 (9th Cir.BAP1986) (hereinafter In Re Blumer ), affirmed without op., 826 F.2d 1069 (9th Cir.1987); Trone v. Roberts Farms, Inc., 652 F.2d 793, 797-98 (9th Cir.1981) (hereinafter In Re Roberts Farms ). Effective relief is impossible if 1) funds have been disbursed to persons who are not parties to the appeal; or 2) failure to obtain a stay has permitted such a comprehensive change as to render it inequitable to consider the merits of the appeal. In re Blumer, 66 B.R. at 113; Beatty v. Trone, 162 B.R. 853, 856 (9th Cir.BAP1994). Moreover, dismissal based on mootness is appropriate if it avoids the creation of "an unmanageable, uncontrollable situation for the Bankruptcy Court." In Re Roberts Farms, 652 F.2d at 797-98.
 
 
 5
 The record shows that over one million dollars has been dispersed to persons who are not parties to this appeal. While appellant in this case challenges only Wells Fargo's rights as a creditor, and does not directly challenge the rights of third parties who have received assets under the plan, his claim for relief necessarily affects the rights of these parties. If, on the merits, the bankruptcy court finds that Wells Fargo did indeed violate § 726 of the California Civil Code and that this violation extinguishes its right to enforce the loan note, then the court would at the very least have to oversee renegotiations between third party holders of senior debt on the unsold properties, and the rescission and renegotiation of numerous third party contracts providing for services relating the properties. Thus, the first test in In Re Blumer has been satisfied.
 
 
 6
 In addition, the substantial consummation of the plan has effected a comprehensive change of circumstances that satisfies the second test in In Re Blumer. The record reveals that 1) the Debtors' operations have ceased entirely and that they are effectively "shell" entities with no substantial assets or business; 2) the Debtors' real and personal properties have been sold pursuant to the Plan, and in some cases resold to third parties; 3) all pre-petition claims against the Debtors' estates have been paid, satisfied, compromised, or otherwise dealt with under the Plan; 4) under the Plan, Wells Fargo waived its security interests in approximately $2.7 million in crop proceeds, agreed to buy on credit the real properties that third parties did not purchase, and assumed Debtors' obligations with respect to senior debt against properties; and 5) unsecured creditors benefitted greatly under the Plan because they were paid substantial sums of monies to which Wells Fargo had waived its claims.
 
 
 7
 In light of these changes, consideration of the merits of the appeal would be inequitable. Wells Fargo took the financial risk that no third-parties would purchase the properties at the auction, assumed Debtors' obligations regarding senior debt against the real properties, waived its security interests as to approximately $2.7 million in crop proceeds, thereby allowing unsecured creditors to be paid out of funds that it could have continued to assert claims, and has incurred administrative costs associated with the disbursement of Debtors' assets.
 
 
 8
 Moreover, any ruling on the substance of the appeal would "create an unmanageable, uncontrollable situation for the Bankruptcy Court." In Re Roberts Farms, 652 F.2d at 797-98. Among other complications, a decision on the merits might require reimbursement for administrative costs, renegotiation between holders of senior debt on the unsold properties, and rescission and renegotiation of numerous third party contracts providing for services relating the properties. Moreover, it could change the dynamics of the unsecured creditors' right to vote on a plan of reorganization among. Under the complex circumstances of the Plan, no court could fashion effective relief. Thus, In Re Blumer and In Re Roberts dictate affirmance of the district court's dismissal for mootness.
 
 
 9
 Nicolaysen incorrectly argues that the holding In re Blumer supports his position. In In Re Blumer, the parties necessary for fashioning relief were not before the court. Contrary to Nicolaysen's contention our court has consistently disapproved dismissal for mootness only where the parties necessary to fashion relief are before the court. See Crown Life Ins. Co. v. Springpart Assocs., 623 F.2d 1377 (9th Cir.1980), cert. denied, 449 U.S. 956 (1980); Taylor v. Lake, et. al., 664 F.2d 1158 (9th Cir.1981); and Salomon v. Logan et al., 718 F.2d 322, 326 (9th Cir.1983). Those parties are not before us.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Robert H. Whaley, United States District Court Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3