In re CARIS SUPERMARKET, INC., Debtor.

CARIS SUPERMARKET, INC. and Woodcal Corp., Plaintiffs,

v.

Geraldine FRATELLO, Defendant.

Geraldine FRATELLO, Plaintiff,

v.

CARIS SUPERMARKET, INC. and Woodcal Corp., Defendants.

Bankruptcy No. 882–82577–20.
Adv. Nos. 882–0728–20, 882–0764–20.

United States Bankruptcy Court, E.D. New York, at Westbury.

April 8, 1983.

Farber, Raucher, Goldberg & Ehrlich, New York City, for Debtor, David Raucher.

Jessel Rothman, Mineola, N.Y., for Geraldine Fratello.

Finkel, Goldstein & Berzow by Harvey Goldstein, New York City, for Creditors' Committee.

ROBERT JOHN HALL, Bankruptcy Judge.

The Court has before it the motion of Caris Supermarket, Inc. (the debtor) for summary judgment avoiding the alleged security interest of Geraldine Fratello and the concommittant dismissal of Ms. Fratello's

1. The creditors' committee intervened on behalf of the debtor on both motions without objection by Ms. Fratello.

2. It would appear that this entire arrangement is fraudulent under New York law. *See* N.Y.

complaint to vacate the Section 362 stay.[1] Because of their interrelationship, the motions were consolidated.

The facts are not in dispute. On or about December 1, 1980 Ms. Fratello sold all of the outstanding stock of the debtor to Woodcal Corp. in consideration of approximately $340,000.00 in notes executed by the debtor and secured by a purported security interest in the debtor's assets.[2] Although financing statements were prepared at that time, Ms. Fratello's then attorneys failed to file them, and her present counsel only discovered this over-sight after the debtor had filed under Chapter 11, 11 U.S.C. § 1101 *et seq.* (Supp. IV 1980) on October 13, 1982. Ms. Fratello thereupon filed the financing statements about one week later.

■ Ms. Fratello first asks this Court to lift the Section 362 stay so that this Court might "ratify" the late filing. This fails to state a claim for relief.

On the date the case was commenced, the debtor became a debtor-in-possession with the status of a creditor with a lien on all of the debtor's assets. 11 U.S.C. § 544(a)(1), 1101(1), 1107(a). Based on such status, the debtor's lien is superior to any security interest unperfected as of the filing date unless perhaps perfected within 10 days of the date the debtor obtained possession of the collateral. *Id.* at § 546(b); N.Y.U.C.C. § 9–107 & 9–301 (McKinney 1964 and Supp. 1982–1983). In the instant case, perfection, which requires the filing of financing statements, *id.* at § 9–302, 9–401, was not attempted until some 22 months after the transfer. *See also* note 2 *supra.* Accordingly, to allow the filing now, after bankruptcy intervened, would accomplish nothing. *P.S. Products Corp. v. Equilease Corp.,* 435 F.2d 781 (2d Cir.1970), *Alsted Automotive Warehouse Inc. v. Ford Motor Co. (In re Alsted Automotive Warehouse, Inc.),* 16 B.R. 926 (Bkrtcy.E.D.N.Y.1982).

Deb. & Cred.Law §§ 270–281 (McKinney 1945). Both the debtor and creditors' committee, however, requested that the Court not reach that issue.

Additionally, Ms. Fratello asks this Court to employ its equitable powers to relieve her of her attorney's omissions. While it is certainly true that a bankruptcy court as a court of equity may reorder priorities when it finds a claimant not entitled to payment, 11 U.S.C. § 510(c); see, e.g., Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), that is not a license to rewrite federal and state law, SEC v. United States Realty and Improvement Co., 310 U.S. 434, 455, 60 S.Ct. 1044, 1053, 84 L.Ed. 1293 (1940); In re Columbia Ribbon Co., 117 F.2d 999, 1002 (3d Cir.1941); see also Bellucci, 24 B.R. 493, 9 B.C.D. 1105 (Bkrtcy.D.Mass.1982). Moreover, the equities of the case hardly favor Ms. Fratello when it was her own agent's omissions which may have led many an innocent creditor to extend credit to this debtor based on its apparently unencumbered assets. Finally, none of the cases relied on by Ms. Fratello help her cause for in each the claimant had a valid security interest perfected under state law on the date bankruptcy intervened.

Accordingly, the debtor is entitled to a judgment avoiding Ms. Fratello's claimed security interest. Inasmuch as this makes Ms. Fratello an unsecured creditor with no property interest to be adequately protected, cf. United States v. Security Industrial Bank, —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) (liens are property interests, contract rights are not); In re Murel Holding Corp., 75 F.2d 941, 942, (2d Cir. 1935) (property rights entitled to adequate protection) she fails to state a claim under Section 362(d).

Accordingly, her complaint is dismissed.

SETTLE JUDGMENTS.