In re Jerry WIGGS, Debtor.

**BOATMEN'S BANK OF BENTON, Plaintiff,**

v.

**Jerry WIGGS, Defendant.**

**Bankruptcy No. BK 87–40795.**

United States Bankruptcy Court, S.D. Illinois.

June 24, 1988.

A. Courtney Cox, Benton, Ill., for plaintiff.

Terry Sharp, Mt. Vernon, Ill., for defendant.

### MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on objection of Boatmen's Bank of Benton (Bank) to debtor's application to sell personal property. Debtor, as debtor-in-possession in this Chapter 11 proceeding, filed an application to sell a LaCross lowboy trailer, indicating that there was no lien on the title. The Bank objected, asserting that debtor had prevented the Bank from perfecting its lien on the trailer prior to bankruptcy by refusing to tender the title to the Bank so that the Bank's lien could be placed on the title. The sole issue for determination by this Court is whether a debtor-in-possession with the rights of a trustee as hypothetical lien creditor can defeat the lien of a creditor who is not perfected when the debtor, by his actions, prevented the creditor from perfecting its lien prior to bankruptcy.

Section 3–203 of the Illinois Vehicle Code (Ill.Rev.Stat., ch. 95½, ¶ 3–203) provides that an owner who creates a security interest in a vehicle "shall" execute an application to name the lienholder on the certificate of title and deliver the title, application and required fee to the lienholder, who charge under Chapter 7 approximately four years prior to the filing of the Chapter 13 proceeding.

must then deliver the title, application and fee to the Secretary of State so that the lienholder's interest can be endorsed on the title.

As found by the Court following testimony and argument of the parties, debtor first obtained a loan from the Bank on September 25, 1985, and executed a security agreement listing the LaCross lowboy trailer as collateral for the loan. Debtor's loan was renewed in May 1987 and the trailer was again listed as collateral. The Bank took all reasonable steps after May 1987 to obtain the title from debtor in order to perfect its security interest but was unable to obtain the title and never perfected its lien. Debtor subsequently filed his Chapter 11 bankruptcy petition in December 1987.

While acknowledging that its unperfected lien would be ineffective against a trustee as hypothetical lien creditor under § 544(a), the Bank asserts that a different result should obtain in the case of a debtor-in-possession who has himself prevented the creditor from perfecting its lien prior to bankruptcy. The Bank notes that § 1107 of the Code, which gives the debtor-in-possession the rights of a trustee, provides that the Court may place limitations or conditions on the debtor-in-possession in his exercise of the trustee's powers. The Bank observes that debtor here not only failed to give the Bank the title to the trailer, which was required to perfect the Bank's lien on the trailer, but also eluded the Bank when attempts were made over a period of months to obtain this title from debtor. The Bank asserts, therefore, that the Court should limit debtor's powers as hypothetical lien creditor with respect to his claim to the trailer as this Court is empowered to do under principles of equity applicable when the Court subordinates the claim of a creditor who has acted wrongfully under § 510(c).

▮ A debtor in a Chapter 11 case who becomes debtor-in-possession upon commencement of the case takes on a new status as trustee acting on behalf of unsecured creditors and can avoid unperfected liens pursuant to § 544(a). *See* 11 U.S.C. §§ 1101(1), 1107(a), 544(a). The debtor-in-possession, though physically the same as the debtor, is conceptually separate for purposes of bankruptcy law and is armed with § 544(a) powers without regard to any notice or knowledge of the debtor's practices. *In re Matos,* 50 B.R. 742 (N.D.Ala. 1985); *In re International Gold Bullion Exchange, Inc.,* 53 B.R. 660 (Bankr.S.D. Fla.1985); *In re Great Plains Western Ranch Co., Inc.,* 38 B.R. 899 (Bankr.C.D. Cal.1984). The debtor-in-possession stands in the same idealized shoes as the trustee, and his status as hypothetical lien creditor remains unaffected by any alleged wrongful acts of the debtor. *See In re International Gold Bullion Exchange, Inc.*

The Bank has cited no case authority in support of its position that debtor here should not be allowed to avoid the Bank's unperfected lien in his capacity as hypothetical lien creditor. This Court, however, has considered a line of cases in which, in similar fact situations, the doctrine of equitable lien was invoked as a basis for upholding liens that were unperfected in bankruptcy. These cases set forth the rule that where a creditor has done everything reasonable under the circumstances to perfect its lien on a vehicle prior to bankruptcy but is prevented from doing so by a debtor's improper behavior, the creditor should not be penalized for the debtor's actions and the creditor's lien would, therefore, be valid against the trustee in bankruptcy. *See Matter of Rettig,* 32 B.R. 523 (Bankr. D.Del.1983); *In re Trim–Lean Meat Products, Inc.,* 10 B.R. 333 (D.Del.1981); *see also In re Solar Energy Sales and Service, Inc.,* 4 B.R. 364 (Bankr.D.Utah 1980).

Other courts, while noting the existence of equitable liens under state law, have ruled that such liens would nevertheless be subordinate to the subsequent legal lien of the trustee as hypothetical lien creditor under § 544(a). *See Matter of Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985); *In re Earl Roggenbuck Farms, Inc.,* 51 B.R. 913 (Bankr.E.D.Mich.1985); *In re O.P.M. Leasing Services, Inc.,* 23 B.R. 104 (Bankr.S.D. N.Y.1982). *Matter of Einoder,* like the instant case, involved a creditor's claim of equitable lien against debtors acting as trustee who, prior to bankruptcy, had prevented perfection of the bank's lien by re-

fusing to execute the necessary documents. The court observed that such a fact scenario could very well prompt an Illinois state court to find an equitable lien. The court continued:

"Were state law alone controlling, the Bank might well succeed. Unfortunately for the Bank, this is not the Illinois state court. It is the Bankruptcy Court, and this is not an *Erie* context where state law controls. [Citation.] Instead, this is a claim asserted in the bankruptcy context. Therefore, the issue becomes, assuming the Bank's claim of equitable lien to be valid under Illinois law, how does that Illinois equitable lien fare under the Bankruptcy Code on the facts of this case." 55 B.R. 319, 327.

Analyzing the issue in terms of the policies and purpose of the Bankruptcy Code, the *Einoder* court found that the bank's equitable lien could not survive in the bankruptcy context, as debtors, by exercising the trustee's avoiding powers under § 544(a), could defeat such an unperfected lien interest. The court observed that equitable liens "[had] long been the object of scorn" in bankruptcy from the time they were " 'declared to be contrary to the policy' " of bankruptcy law under § 60(a)(6) of the old Bankruptcy Act. *Id.* at 328. Article 9 of the Uniform Commercial Code had

" 'turned the "equitable liens" against which section 60(a)(6) was directed into "unperfected security interests" which the trustee [could] in any case set aside.' " *Id.*

To uphold such liens in the bankruptcy context, the court stated, would frustrate the Bankruptcy Code policy of recognizing only perfected interests in property. The *Einoder* court concluded, therefore, that despite debtors' failure to cooperate in the bank's attempt to perfect its lien, the bank's lien must fall before the § 544(a) powers of debtors acting as trustee on behalf of all unsecured creditors.

Like the court in *Einoder*, this Court finds no basis for upholding the Bank's lien here despite the equities of its claim arising from debtor's actions in preventing perfection prior to bankruptcy. Because of the special status of the debtor-in-possession in the bankruptcy context and the ineffectiveness of equitable liens against the avoiding powers of such debtor-in-possession, it would be contrary to the letter and purpose of the Bankruptcy Code to limit the powers of debtor-in-possession in this way. A bankruptcy court's equitable powers do not allow the court to contravene clear statutory provisions. *In re Pirsig Farms, Inc.*, 46 B.R. 237 (D.Minn. 1985); *In re International Gold Bullion Exchange, Inc.* While it is true that a bankruptcy court as a court of equity may, under § 510(c), reorder priorities when it finds a claimant not entitled to payment, this is not a license to rewrite specific provisions of federal and state law concerning the powers of a debtor-in-possession to avoid unperfected liens. *See In re Caris Supermarket, Inc.*, 28 B.R. 623 (Bankr.E. D.N.Y.1983).

Debtor here, as hypothetical lien creditor, has authority to sell the La Cross lowboy trailer free of the Bank's unperfected lien and the Court, accordingly, overrules the Bank's objection to debtor's application to sell personal property.

IT IS ORDERED that the Bank's objection to debtor's application to sell personal property is OVERRULED.