In re J. Lloyd **TOMER** and Christine Tomer, Debtors.

Tamalou **WILLIAMS**, Trustee, Movant,

v.

**SEARS CONSUMER FINANCIAL CORP.**, Respondent.

Bankruptcy No. BK 89–40634.
Adv. No. 89–0240.

United States Bankruptcy Court,
S.D. Illinois.

Dec. 14, 1989.

---

Tamalou Williams, West Frankfort, Ill, pro se.

Donna M. Sommars, St. Louis, Mo., for Sears Consumer Financial Corp.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Plaintiff, trustee of debtors' Chapter 7 bankruptcy estate, has filed a complaint to avoid the lien held by defendant, Sears Consumer Financial Corporation (Sears), on a 1989 Monaco Crown Royale motor home. Plaintiff contends that Sears failed to perfect its lien in accordance with Missouri law and that the lien is thus subordinate to the trustee's subsequent lien as hypothetical lien creditor. *See,* 11 U.S.C. § 544(a).

Sears has filed a motion for relief from stay and for order of abandonment, contending that the vehicle is fully encumbered by its validly perfected lien and should be abandoned from the estate by the trustee. The matter is before the Court on Sears' motion for summary judgment and the trustee's motion to have the matter decided on briefs and arguments, which the Court will construe as a motion for summary judgment.[1]

The undisputed facts show that on August 20, 1988, debtor J. Lloyd Tomer purchased the motor home in question and executed a retail installment contract in the amount of $130,000, which was assigned to Sears. Separate certificates of origin were issued for the coach and the chassis of the motor home, and Sears' lien was shown on both certificates of origin. A vehicle invoice dated August 20, 1988, also showed Sears as lienholder.

On February 15, 1989, debtor, who was residing in Missouri, made application for title with the Missouri Department of Revenue (Department). The "application for title and/or license" executed by debtor failed to list Sears as lienholder. The Department subsequently issued a title to the motor home showing no liens and mailed it to debtor.

In March 1989, Sears contacted the Motor Vehicle Bureau of the Department and learned that there was no record of its lien on the motor home. Department officials advised Sears that the title would be recalled because it had been incorrectly issued without Sears' lien on it. On March 29, 1989, the Department wrote to debtor requesting that he return the title to the Department so that Sears' lien could be noted and the title mailed to Sears as lienholder. Further letters to debtor were mailed on April 13, 1989, and July 17, 1989. Debtor did not respond to the Department's request, and, on July 7, 1989, he filed a Chapter 7 bankruptcy petition.

■ In arguing that it holds a perfected lien, Sears observes that the lien was iden-

---

1. The Court has heard arguments on the issues in plaintiff's complaint and deems further argu-ment on the motions for summary judgment to be unnecessary.

tified on the certificates of origin mailed to the Department along with debtor's application for title and the required fee on February 15, 1989. Sears has submitted exhibits which include an undated "word processor information slip" of the Department's Motor Vehicle Bureau indicating that Sears was a lienholder for certificate of title purposes. Sears asserts that this information slip as well as the Department's letters in which it acknowledged that the title had been incorrectly issued show that the Department was aware of Sears' lien when it issued the title to debtor and that Sears' lien was validly perfected notwithstanding the Department's failure to list the lien on the title issued to debtor.

The trustee responds that Sears' lien was not perfected because debtor's application for title failed to list Sears as a lienholder as required by the Missouri statute for perfection of liens on motor vehicles. Section 301.600.2 of the Missouri Revised Statutes provides:

> 2. A lien or encumbrance on a motor vehicle or trailer is perfected by the delivery to the director of revenue of the existing certificate of ownership, if any, *an application for a certificate of ownership containing the name and address of the lienholder and the date of his security agreement,* and the required certificate of ownership fee. It is perfected as of the time of its creation if the delivery of the aforesaid to the director of revenue is completed within thirty days thereafter, otherwise as of the time of the delivery.

Mo.Rev.Stat. § 301.600.2 (1988) (emphasis added).

Under section 301.600.2, one of the required elements for perfection of a lien on a motor vehicle is the delivery of an application for certificate of ownership showing the lienholder's name and address and the date of his security agreement. *See Zuke v. Mercantile Trust Company National Association,* 385 F.2d 775 (8th Cir.1967); *In re Jackson,* 268 F.Supp. 434 (E.D.Mo. 1967). In the present case, the application

submitted by debtor on February 15, 1989, failed to show Sears' lien. While Sears' lien was noted on the certificates of origin completed at the dealership and sent to the Department by debtor, this was not sufficient to fulfill the statutory requirement. Thus, Sears' argument that the Department was aware of the lien when it issued title is unavailing, as the statute plainly states that delivery of an application showing the specified lien information is necessary for perfection of a lien.

*Ford Motor Credit Company v. Pedersen,* 575 S.W.2d 916 (Mo.Ct.App.1978), cited by Sears for the proposition that the Department's error should not prevent perfection of its lien, is distinguishable from the instant case. In *Pedersen,* the Department erroneously issued a title showing no liens after the lienholder, Ford Motor Credit Company (Ford Credit), had complied with the requirements of section 301.600.2 by submitting an application for certificate of ownership on which its lien was indicated. The *Pedersen* court found that Ford Credit had done everything required of it to assure that its lien rights were perfected according to statute. Thus, despite the Department's "oversight [or] mistake" in failing to record the lien on Pedersen's certificate of title, the lien was perfected because of Ford Credit's compliance with the statute.

Unlike the lienholder in *Pedersen,* Sears has not complied with the requirements of section 301.600.2 for perfection of its lien on debtor's motor home. The lienholder in *Pedersen,* pursuant to Mo.Rev.Stat. § 301.620(2) (1988), filed the application for certificate of ownership itself to insure that its lien was shown. In the present case, neither debtor nor Sears filed an application for certificate of ownership showing Sears' lien. Because no such application was presented to the Department, Sears' lien was unperfected regardless of any error by the Department in issuing title without the lien.[2]

■ Sears additionally asserts that it is entitled to an equitable lien with regard to

---

**2.** The Court finds no merit in Sears' assertion that an application for certificate of ownership was not needed because the certificates of origin

showing debtor as owner and showing Sears' lien constituted such certificate of ownership. The "certificate of ownership" referred to in

the motor home because debtor, after being notified that the title had been incorrectly issued without notice of Sears' lien, refused to tender the title to the Department so that a new title could be issued. This Court has previously stated that an equitable lien arising under state law is ineffective against the avoiding powers of a trustee under § 544(a). *Boatmen's Bank of Benton v. Wiggs*, 87 B.R. 57 (Bkrtcy.S.D.Ill.1988). Without determining whether Sears would be entitled to such an equitable lien under the facts here presented, the Court reiterates the rule of *Wiggs* that the bankruptcy court's equity powers are "not a license to rewrite specific provisions of federal and state law concerning the powers of a [trustee in bankruptcy] to avoid unperfected liens." 87 B.R. at 59. Sears' lien was not perfected in accordance with section 301.600.2, and the trustee may, therefore, avoid this lien as a hypothetical lien creditor under § 544(a).

From a review of the pleadings and exhibits on file as well as consideration of the arguments of counsel, the Court finds that there is no genuine issue of material fact and that plaintiff is entitled to judgment as a matter of law on the trustee's complaint to avoid lien. Accordingly, the Court will grant plaintiff's motion for summary judgment and deny the motion for summary judgment filed by Sears. The Court further finds that Sears, as an unperfected creditor, is not entitled to relief from stay and, accordingly, denies its motion for relief from stay.

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED and judgment is entered for plaintiff and against Sears on the trustee's complaint to avoid lien. IT IS FURTHER ORDERED that Sears' motion for summary judgment is DENIED.

---

section 301.600.2 is a document issued by the Department over the director's signature and is distinct from a manufacturer's certificate of origin. *See* Mo.Rev.Stat. § 301.190 (1988). Even if an existing certificate of ownership had been sent, submission of an application for a new certificate containing the lien information is an additional, not an alternative, requirement for perfection under the statute.